ATTY. MARY LEE (SBN 177085)
LAW OFFICES OF MARY LEE
3250 Wilshire Boulevard, Suite 900
Los Angeles, CA 90010
Tel: (213) 383-9083
Fax: (213) 383-8339

Attorneys for Plaintiff
WIRELESS WAREHOUSE, INC., a Georgia Corporation

FILED
2009 DEC -8 PM 2:28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL CALIFORNIA SOUTHERN DIVISION

| | |
|---|---|
| WIRELESS WAREHOUSE, INC., a Georgia Corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BOOST MOBILE, LLC, a Delaware Limited Liability Company doing business in Irvine, California,<br><br>　　　　　　　Defendants | Case No.　　SACV09-1436 MLG<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1) FALSE PROMISE<br>(2) PROMISSORY ESTOPPEL<br>(3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS<br>(4) VIOLATION OF CALIFORNIA BUSINESS & PROFESSION CODE § 17000, et.seq.<br><br>**JURY TRIAL DEMAND** |

　　　　Plaintiff WIRELESS WAREHOUSE, INC., a Georgia Corporation (hereinafter referred to as "Plaintiff" or "WWI") complains and alleges against defendant Boost Mobile, LLC, a Delaware Limited Liability Company ("Defendant" or "Boost Mobile" ) as follows:

### THE PARTIES

　　　　1.　　At all times herein mentioned, Plaintiff WIRELESS WAREHOUSE, INC. ("Plaintiff" or "WWI") was and is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in the State of Georgia.

2.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Boost Mobile was a Delaware limited liability company doing business in the County of Orange, State of California, with its principal place of business in Irvine, California.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4.  The Court has personal jurisdiction over Defendant Boost Mobile, LLC as a business entity doing business in the State of California.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1331(b)(2).

## FIRST CLAIM FOR RELIEF

(Against Defendant Boost Mobile for False Promise)

6.  At all times herein mentioned, Plaintiff was and is a wireless master dealer providing services to hundreds of sub-dealers throughout the United States.

7.  Boost Mobile is a division of Sprint that offers wireless phones and services with no contracts or activation fees. Plaintiff and Boost Mobile entered into a one year Prepaid Wireless Product Agreement in early 2005 and renewed the one year contract in March 2006 and again on March 7, 2007. Plaintiff's main supplier and main source of income had been T-mobile. As of March 2007, Plaintiff maintained a business relationship with more than one thousand sub-dealers and T-mobile was these sub-dealers' main source of income. As of March 2007, 95 % of Plaintiff's business was with T-Mobile and Plaintiff had approximately 10,000 T-mobile accounts.

8.  In or before June 2007, Boost Mobile launched an unlimited service product and began to sell this new product. For the purpose of expanding its market for that new unlimited service and UBV, on or about June 1, 2007, Boost Mobile invited Plaintiff to Irvine, California where Boost Mobile's main business office was located. Upon Boost Mobile's invitation, Plaintiff's

representative attended a conference held on June 12, 2007, at 8845 Irvine Center Drive, Irvine, California.

9. While Plaintiff's representative was in the State of California, the CEO of Boost and Job Tucker, the vice president of Boost, acting on behalf of Boost Mobile ("Boost Representatives") made the promise to Plaintiff that Boost Mobile will enter into a long-term business partner relationship if Plaintiff would make its sub-dealers across the nation sell Boost's unlimited service and UBV switching their service from T-mobile to Boost. Boost also made Plaintiff the promise that it would give Plaintiff $1.00 per each payment and a $ 3.00 commission per product if Plaintiff would make its sub-dealers sign up as Boost's prepaid service payment centers. Boost Mobile confirmed the above-referenced promises numerous times to Plaintiff subsequent to this conference held in Irvine on June 12, 2007.

10. At the time when Defendant made the above-referenced promises, Defendant did not intend to perform these promises, however, it intended that Plaintiff rely on the promises and Plaintiff did in fact reasonably rely on the promises.

11. Between June 12, 2007 and March 31, 2008, in relying upon the above-referenced promises made by Boost Mobile, Plaintiff did the following:

(1) Plaintiff set up new facilities in several places across the nation, to deal with Boost Mobile's new product and entered into a five year lease for new warehouses;

(2) Plaintiff hired eight additional employees solely for the purpose of expanding a market for Boost Mobile;

(2) Plaintiff's representative traveled to the cities where its sub-dealers were located for the purpose of convincing them to promote Boost Mobile's product and service and to sign up as Boost Mobile's payment centers;

(3) Plaintiff's representative spent many hours to train Plaintiff's sub-dealers to deal with Boost Mobile's product and service;

(4) Plaintiff moved to a larger facility paying higher rents and entering into a five year lease for the purpose of expanding the market for Boost Mobile's new product and services.

12.     In April 2007, Plaintiff's sub-dealers collected only 221 payments. However, as a result of the investment, effort, and work done by Plaintiff as set forth in paragraph 8, Plaintiff succeeded in making 780 sub-dealers sign up as Boost's payment centers and mainly deal with Boost Mobile's product and services. As a result of the efforts, and investments made by Plaintiff, by January 2008, Plaintiff's sub-dealers collected 14,000 payments and on average, 3,000 new gross subscribers were added each month.

13.     When the market expanded to the extent that Plaintiff would begin to enjoy the fruits of its investment and efforts, without giving any prior notice, Boost Mobile terminated its business relationship with Plaintiff and refused to renew its prepaid wireless product agreement. Moreover, Boost Mobile sent notices to all of Plaintiff's sub-dealers that Plaintiff could no longer act as Boost Mobile's master dealer and caused all of Plaintiff's sub-dealers to terminate their contractual and/or business relationship with Plaintiff. Boost Mobile then placed a close friend of its executive officer in the position of the master dealer who received $1.00 per payment and $3.00 per product based upon all transactions made by Plaintiff's sub-dealers.

14.     Defendant knew or should have known that Plaintiff would rely on the promises made by Defendant and that such promises would induce Plaintiff to invest money, labor, and efforts in order to maintain a long-term business partner relationship.

15.     In or about March 2008, Defendant repudiated the promises set forth above when it terminated its business partner relationship and refused to renew the prepaid wireless product agreement with Plaintiff.

16. As a direct and proximate result of Plaintiff's reliance upon Defendant's promises, Plaintiff sustained actual damages in an amount according to proof at trial, but in excess of Four Million Dollars ($4,000,000.00).

## SECOND CLAIM FOR RELIEF

(Against Defendant Boost Mobile for Promissory Estoppel)

17. The allegations contained in paragraphs 1 through 16 above are hereby incorporated by reference as though fully set forth herein.

18. The promises made by Defendant as described in paragraph 9 were the promises which Defendant should have reasonably expected to induce action or forbearance of a definite and substantial character on the part of Plaintiff. These promises did induce Plaintiff's action as set forth in paragraph 11 and therefore the promises are binding and injustice can be avoided only by enforcement of the promises.

19. As a direct and proximate result of Plaintiff's reliance upon Defendant's promises, Plaintiff sustained actual damages in an amount according to proof at trial, but in excess of Four Million Dollars ($4,000,000.00).

## THIRD CLAIM FOR RELIEF

(Against Defendant Boost Mobile for Intentional Interference with Prospective Economic Relations)

20. The allegations contained in paragraphs 1 through 19 above are hereby incorporated by reference as though fully set forth herein.

21. Prior to March 2008, Plaintiff had an economic relationship with 780 sub-dealers which would have resulted in a substantial economic benefit to Plaintiff.

22. Defendant knew of Plaintiff's relationship with the 780 sub-dealers.

23. Defendant intended to disrupt the relationship.

24. Defendant engaged in wrongful conduct as described in paragraphs 12 and 13.

25. As a direct and proximate result of Defendant's wrongful conduct, the relationship between Plaintiff and the 780 sub-dealers was disrupted and Plaintiff sustained actual damages in an amount according to proof at trial, but in excess of Four Million Dollars ($4,000,000.00).

### FOURTH CLAIM FOR RELIEF

(Against Defendant Boost Mobile for Violation of California Business and Profession Code § 17000, et.seq.)

26. The allegations contained in paragraphs 1 through 25 above are hereby incorporated by reference as though fully set forth herein.

27. Prior to March 2008, Plaintiff had an economic relationship with 780 sub-dealers which would have resulted in a substantial economic benefit to Plaintiff.

22. Defendant knew of Plaintiff's relationship with the 780 sub-dealers.

23. Defendant intended to disrupt the relationship.

24. Defendant engaged in wrongful conduct as described in paragraphs 12 and 13 and such conduct constitutes unfair, deceptive or illegal acts or practices as defined under California Business & Profession Code § 17000, et.seq..

25. As a direct and proximate result of Defendant's wrongful conduct, the relationship between Plaintiff and its 780 sub-dealers was disrupted and Plaintiff sustained actual damages in an amount according to proof at trial, but in excess of Four Million Dollars ($4,000,000.00).

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

**ON THE FIRST AND THIRD CLAIMS FOR RELIEF**

1. For an award of compensatory damages according to proof at trial, in excess of Four Million Dollars ($4,000,000.00);

2. For an award of punitive damages according to proof at trial.

**ON THE SECOND AND FOURTH CLAIMS FOR RELIEF**

3. For restitution according to proof at trial;

4. For reasonable attorneys' fees according to proof at trial.

**ON ALL CLAIMS FOR RELIEF**

5. For costs of suit incurred herein;

6. An award of pre-judgment and post-judgment interest according to proof at trial; and

7. Such other and further relief as the Court may deem just and proper.

Dated: December 8, 2009

Respectfully submitted,

LAW OFFICES OF MARY LEE

By: /s/ Mary Lee
Mary Lee
Attorneys for Plaintiff
Wireless Warehouse, Inc.